# UNITED STATES DISTRICT COURT
## for the
### Southern District of Illinois

Scanned at Pinckneyville CC and e-mailed 8/5/24 by CB 17 pages

Plaintiff(s)/Petitioner(s): **Barry Morris Pro se**

Case Number: **24-cv-01649-SMY** (Clerk's Office will provide)

v.

Defendant(s)/Respondent(s):
- John Barwick
- Dr. Percy Myers
- Illinois Department of Corrections

☑ CIVIL RIGHTS COMPLAINT pursuant to 42 U.S.C. §1983 (State Prisoner)
☐ CIVIL RIGHTS COMPLAINT pursuant to 28 U.S.C. §1331 (Federal Prisoner)
☐ CIVIL COMPLAINT pursuant to the Federal Tort Claims Act, 28 U.S.C. §§1346, 2671-2680, or other law

## I. JURISDICTION Pursuant To 28 U.S.C. § 1311 and 1343(a)

Plaintiff: **Barry Morris N-42509 (Pro se)**

A. Plaintiff's mailing address, register number, and present place of confinement.
5835 State Route 154
Pinckneyville Illinois 62274-3410
IDOC No. N-42509
Pinckneyville Correctional Center

**Defendant #1:**

B. Defendant **John Barwick** is employed as
   (a) (Name of First Defendant)

**Warden**
   (b) (Position/Title)

with **IDOC For Pinckneyville Correctional Center**
   (c) (Employer's Name and Address)

5835 State Route 154 Pinckneyville Ill. 62274-3410

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government? ☑ Yes  ☐ No

If your answer is YES, briefly explain:
Defendant Barwick was at all times relevant to this action The Warden at PNKCC and was acting under the color of federal and State law. By statue the Warden is responsible for ensuring the safety and well-being of prisoners under his supervision he is sued in his individual and official capacities.

Rev. 10/3/19

1 of 17

**Defendant #2:**

C. Defendant <u>DR. Percy Myers</u> is employed as

(Name of Second Defendant)

<u>On-site Medical Director/Doctor of PNKCC</u>
(Position/Title)

with <u>Wexford Health Source, Inc. based in Floride, Myers</u>
(Employer's Name and Address)
<u>is a Subcontractor for IDOC at PNKCC 5835 State Route 154</u>
<u>Pinckville Ill. 62274-3410</u>

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?  ☑ Yes   ☐ No

If you answer is YES, briefly explain:
Myers at all times relevant to this action the medical Director at PNKCC was acting under the color of federal and state law and the policies & procedures of Wexford. He treated the Plaintiff on several occasion. He is sued In his Individual and official capacities.

**Additional Defendant(s) (if any):**

D. Using the outline set forth above, identify any additional Defendant(s).

Defendant: Illinois Department OF Corrections
(Name OF third Defendant)
IDOC which is the government agency In charge of the administration of all Illinois State Prisons Including PNKCC
(Position/Title)
1300 Concordia CT, P.O. Box 19277 Springfield Illinois 62794-9277
(Employer's Name and Address)

IDOC at all times relevant to this Action is responsible for all state prisons in Illinois including PNKCC acted under the color of federal and state law, By statue IDOC has a duty to make sure that the safety and Well-being of prisoners protected. IDOC is sued in there individual & official capacities.

## II. PREVIOUS LAWSUITS

A. Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law?  ☑Yes ☐No

B. If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline. <u>List ALL lawsuits in any jurisdiction and indicate the court where they were filed to the best of your ability</u>, including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)). FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

1. Parties to previous lawsuits:
   Plaintiff(s): BARRY MORRIS

   Defendant(s): Not For Sure

2. Court (if federal court, name of the district; if state court, name of the county): Not for sure

3. Docket number: Unknown

4. Name of Judge to whom case was assigned: Unknown

5. Type of case (for example: Was it a habeas corpus or civil rights action?): Civil case I believe

6. Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Unknown what happened. Do not remember

Rev. 10/3/19

7. Approximate date of filing lawsuit: Some time in 2006-2008

8. Approximate date of disposition: unknown if any

9. Was the case dismissed as being frivolous, malicious, or for failure to state a claim upon which relief may be granted and/or did the court tell you that you received a "strike?"
I was in Dixon CC x house and the Clerk was helping me with my ~~speed~~ Appeal & post-conviction and he said that he had to file in federal court for some. I just don't Remember.

### III.  GRIEVANCE PROCEDURE

A. Is there a prisoner grievance procedure in the institution? ☑ Yes   ☐ No

B. Did you present the facts relating to your complaint in the prisoner grievance procedure? I do not even remember if ☐ Yes  ☐ No
I even filed a grievance in the above matter.

C. If your answer is YES,
   1. What steps did you take?
      Do not Remember

   2. What was the result?
      Do not Remember

D. If your answer is NO, explain why not.
   Don't Know

E. If there is no prisoner grievance procedure in the institution, did you complain to prison authorities? Do not Remember   ☐ Yes   ☐ No

F. If your answer is YES,
   1. What steps did you take?
      Unknown

Rev. 10/3/19

2. What was the result?
   Unknown

G. If your answer is NO, explain why not.
   Unknown

H. Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not:
   I have No Idea what happened back in 2004-2005 When the Clerk Inmate was helping me on my Criminal case.

2) Morris v. Obaisi Case No. 15 CV 5527 (medical Violation) Settled case. I was incarcerated at Stateville CC. Northern District Federal Court. Judge name do not remember.

3) Morris v. Williams et al Case No. 14 CV 4932 Dismissed Death of Brother Ernest G. Morris at Stateville CC in 2007 by Orange Crush Tact Team in F-house, Northern District Federal Court. Judge do not remember.

4) Morris v. Baldwin et al, Case No. 17 CV 0456 Violation of ADA & RA Box & Chain restraints & defendants disobeying Court order Settled case, Southern District of Illinois East St. Louis, I was incarcerated in Menard C.C. Judge Do not remember.

5) Morris v. Baldwin et al. 17-CV-1033 ADA & RA Violation Settle case, Southern District of Illinois East St. Louis Judge do not remember, I was incarcerated at Menard CC.

6) Morris v. Do not Remember Case No. 18-CV-1504 Psychotropic Medication Violation. (Voluntarily Dismissed) Southern Illinois District East St. Louis. I was incarcerated at Menard C.C. Issue was corrected.

7) Morris v. Trusewych Case No. 23 MR 00029 Medical Treatment, Matter resolved (Voluntarily Dismiss) Sangamon County State Court In Springfield Illinois

8) Morris v. Rob Jeffrey et al., Case No. 21 MR 1372 Retaliation First Amendment Violation, Filed in Sangamon County Springfield Illinois State case. Case dismissed March 28, 2024, Filed A Notice To Appeal April 17, 2024 the Appellate Court Fourth District Court dismissed case because I did not file a docketing statement (Did not know what is was) Appellate Court No. 4-24-0699, I am in the process of filing Motion For Extension of Time to the Supreme Court of Illinois So I can file Motion For Reconsideration and have the case transferred to federal Court. No Supreme Court of Illinois Case Number yet.

Rev. 10/3/19

5 OF 17

## Law Suits Filed Continued

9) Morris v. John Barwick et al., Case No. 24-CV-01470-SMY it was a TRO then it was turned into a complaint then Plaintiff Voluntarily Dismissed the case Filed in the Southern District of Illinois.
Judge Name Staci M. Yandle / Civil Right Action
Filed case On June 10, 2024
Case was voluntarily dismissed because I did not file a complaint with my TRO.
Grievance Procedure
Filed grievance and I presented facts related to my complaint. I filed the grievance as an emergency and the respondence answer some of the grievances. I did not complete the PLRA because I filed an emergency TRO.
All of the grievance are attached to Case No. 24-CV-01470-SMY.

10) Morris v. Barwick et. al., Case No 24-CV-01649-SMY this case is still pending In the Southern Illinois District Of Illinois East St. Louis Filed July 2, 2024

11) Morris V Barwick et al., Case No Not for sure I do not understand if I am suppose to use case No. 24-CV-0646-SMY but this case will be a TRO and/or Preliminary Injunction. Will leave case No. Blank until it is confirmed the correct case No.
Filed August 5, 2024

IV. **STATEMENT OF CLAIM**

    A. State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments or citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

### Nature OF Action

This action arises from the deprivation Plaintiff rights under the Americans With disabilities Act and the Eighth Amendment to the United States Constitution. In December of 2013 Plaintiff was incarcerated at Stateville CC and while shoveling snow he injured his back. Three months later on March 27, 2014 Plaintiff was taken to St. Joseph Medical Center in Joliet Illinois by ADA Van with Wheelchair. Plaintiff was diagnosed with severe spinal Stenosis and disc protrusion at his L4/L5. On August 16, 2016 Plaintiff was sent to U of I in Chicago to receive a steroid injection in his lower back. No change in Plaintiff chronic lower back and lift leg pain. One more consultation with the back specialist at U OF I in Chicago to discuss back surgery but he was transferred to Menard C.C. in late 2016 with medical holds on him. Once at Menard C.C. the medical director sent Plaintiff to the orthopedic Surgeon in Carbondale Illinois on March 24, 2017 and the doctor recommended more physical therapy and another steroid injection along with the ADA Van transportation with Wheelchair. On April 19, 2019 Plaintiff was transferred from Menard CC To Western Illinois Correctional Center. Then on June 24, 2019 the medical director, the ADA Coordinator and th CAO at WICC approved Plaintiff ADA Von With Wheelchair for all of Plaintiff's medical & court writs and soon thereafter on October 22, 2019 the director of IDOC approved the ADA Van With Wheelchair as well for the plaintiff.

Rev. 10/3/19

Plaintiff was assigned to the only ADA wing at WICC 2 B-Wing because that wing and house had the only ADA shower mounted on the wall with the seat. On August 2, 2019 the medical director at WICC issued Plaintiff a medical permit for a single man cell status "Indefinitely". Then the MD renewed Plaintiff single man cell permit on July 27, 2022. The reason Plaintiff was issued the single man cell status medical permit is because Plaintiff has an elarge prostate and he is up all hours of the night using the toilet and conflict with a cellie could cause permanent damage to the Plaintiff. Plaintiff has two crutches that could be used as a weapon to harm the Plaintiff as well. Plaintiff has problems sleeping and his mental health problems was also a factor why the single man cell medical permit was issued. Plaintiff had several medical holds on him at WICC when he was involuntarily removed from WICC. 1) To see a nurolosurgeon for his back surgery, 2) Eye specialist and 3) to see the urologist for his enlarge prostate. In the last three facilities Plaintiff was in he was prescribed the chronic pain medication Tramadol to help subside his chronic lower back and left leg pain. In December 2021 back surgery was recommended by the back specialist Dr. Jacob Monsivais at (SIU) in Springfield Illinois and the doctor recommended more physical therapy and spinal injection and no changes in Plaintiff medication tramadol and gabapentin. On Feb. 15, 2024 I was transferred to PNLCC because of a C/O Robert K. Zieger was bent on retaliating against the Plaintiff and he wrote a falsified disciplinary Report on the Plaintiff Assault along with other bogus charges which was proven to be a lie because the video footage proved Plaintiff innocence.

## Count I

Towards Defendant Dr. Percy Myers for deliberate indifference to Plaintiff serious medical needs subjecting him to cruel and unusual punishment.

1) Plaintiff is in PNKCC now and Dr. Myers has discontinued his medical permits, single man cell status, ADA van with wheelchair, double mattress and his chronic pain medication tramadol.

2) Plaintiff single man cell status was for his safety and wellbeing. Dr. Myers did not want to hear none of that when Plaintiff arrived at PNKCC.

3) Due to Dr. Myers refusal to continue Plaintiff single man cell status on May 8, 2024 placement put another inmate in the cell with Plaintiff and Plaintiff went on crisis watch.

4) Once Plaintiff was released from crisis watch placement moved Plaintiff with another individual and he complained about the noise in the wee hours in the morning Plaintiff was making.

5) On June 24, 2024 Lt. Hiller had that inmate removed from the cell he shared with the plaintiff because a physical confrontation was coming.

6) On July 9, 2024 placement move the same inmate back into the same cell with Plaintiff.

7) Plaintiff went into protective custody in (5) house, and placement put another inmate in the cell with him and this time I was threatened to the point, Plaintiff informed the (5) house Lt. Ransom and that did not do any good.

8) Now Plaintiff is now in one of the worse housing units in this facility (3) house with another cellie.

9) Dr. Myers has caused the Plaintiff to deal with

9 of 17

something that should not have happened.

10) With my spinal injury one good blow with one of Plaintiff crutches in his back can be irreparable injury.

11) Dr. Myers discontinued Plaintiff Chronic pain medication tramadol which has increased his lower back and left leg pain.

12) Dr. Myers deliberate indifference to Plaintiff seriour medical need caused Plaintiff high blood pressure to become even higher.

13) Plaintiff was placed on an additional high blood pressure medication because the increased pain can lead to heart failure, kidney and liver failure as well.

14) When Dr. Myers discontinued Plaintiff tramadol and his ADA van transportation with wheelchair Plaintiff lower back and left leg experience more burning sensation then ever.

15) Plaintiff went out on a medical writ April 23, 2024 in a regular van and he almost fail getting out of that van. If it wasn't for the officer catching him he could have realy injured himself.

16) On June 12, 2024 Plaintiff went out on another medical writ in a regular van and when he got back getting out of the van he failed on his back causing him a great deal of pain.

17) Plaintiff wrote an emergency grievance on the matters and the Respondent did not even address Plaintiff faling out of the regular van and Defendant Barwick just signed off on it.

18) Now that this administration have the Plaintiff in one of the farthest Housing Unites away from the HCU (3) House he has been trying to get a wheelchair for long distance because his chronic lower back & left leg pain is not getting any better. So far Dr. Myers has denied his Request.

10 of 17

19) Plaintiff sat down with Dr. Myers on June 27, 2024 and Dr. Myers told the plaintiff that he will send him out to get a injection in his back to help with some of the pain and discomfort Plaintiff was experiencing.

20) Plaintiff suggested to Dr. Myers why not send me out to see a nurolosurgeon so I can get back surgery, artifical disc Replacement so we do not have to worry about the ADA Van with wheelchair, Wheel chair for inside grounds or reinstating my chronic pain meds. tramodol.

21) Dr. Myers was not hearing the Plaintiff on that he just said that the injection will help my chronic pain.

22) I tried again to explain to Dr. Myers that I receive that pain shot before and it did not help.

23) Dr. Myers asked Plaintiff did I bring my medical documents with me from when I was offered surgery and receive that injection. Plaintiff said no.

24) So what that was told me was Dr. Myers never review Plaintiff medical chart like he said he would when I first sat down with him on Feb. 23, 2024.

25) Plaintiff was also wondering why the sudden interest in my medical concerning after Plaintiff being at PNKCC for a little over 4 months.

26) It hit the Plaintiff that evening on June 27, 2024 when PNKCC passed out the mail that evening and Plaintiff received Dr. Myers Waiver of Service of Summons sheet informing him that he is being sued by Plaintiff.

27) This could and should have been done months ago and there could have been a strong possibility

11 OF 17

that Plaintiff would have never brought this law suit against the Defendants.

28) Dr. Myers has treated the Plaintiff and is still treating the Plaintiff with cruel and unusal punishment.

### Count II

Towards Defendant John Barwick for Deliberately Indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment and the ADA & RA reasonable accommodations.

29) Plaintiff incorporates by reference paragraphs (1) through (28) as if fully stated and re-alleged herein.

30) Barwick had direct knowledge of Plaintiff medical permits, single man cell status, ADA van with any, wheelchair, chronic pain medication being discontinued a request for wheelchair in grounds for long distance and the ADA shower which Plaintiff has repeatedly been denied.

31) Warden Barwick was sent letters directly to him on April 18, 2024, May 13, 2024, June 5, 2024 and June 18, 2024 informing him in detail by the Plaintiff the chains of events that Plaintiff mentioned in paragraph #30

32) Also Barwick was sent a number of emergency grievances that delt with the above mentioned matters in paragraphs 30 & 31 and he deemed those grievance as on emergency.

33) Once the respondent(s) answered the grievances with conflicting and misleading statements Barwick could have over ruled there misleading statements. But he did not.

34) Prime example: when Dr. Myers discontinued Plaintiff ADA Van with wheelchair Plaintiff went out on a medical writ on April 23, 2024 and he almost fell out

of the regular van because his left leg gave out on him.

35) Plaintiff filed and emergency on the incident on April 29, 2024 and Borwick deemed it as an emergency and when Dr. Myers suggested some different besides Reinstating the ADA Van with wheelchair Borwick just rubber stomped the grievance.

36) Then Plaintiff went out on another medical writ on on June 12, 2024 Plaintiff actually failed out of the regular van because when he stepped on that man made step PNKCC made for inmates to step on to get in and out of the van Plaintiff left leg gave out on him and the man made step went one way and the Plaintiff landed on his back in extreme pain.

37) Plaintiff wrote an emergency grievance on the matter on June 13, 2024 # K59-0624-2072 and Warden deemed it as an emergency as well "BUT" the respondent never mentioned the most critical point of the grievance "When Plaintiff fail on his back getting out of the regular van", and once again Borwick just rubber stomped it.

38) Warden Borwick has rubbered stomped "ALL" of Plaintiff grievances dealing with what was mentioned in paragraphs (30) through (37).

39) As a result of the conduct of Borwick as detailed above Plaintiff has been caused to experience exacerbation pain of his back and leg injuries.

## COUNT III

Towards Illinois Department of Corrections for Violation of Plaintiff ADA & RA act for failure to Provide Reasonable Accommodations and Deliberate Indifference.

40) Plaintiff incorporates by reference Paragraphs (1)

13 OF 17

through (39) as if fully stated and re-alleged herein.

41) IDOC is a public entity as that term is used in Title II of the ADA, 42 U.S.C. § 12131.

42) IDOC is a recipient of federal financial assistance as that term is used in section 504 of the Rehabilitation Act.

43) Plaintiff is a qualified individual with a disability under both ADA and RA.

44) Plaintiff's chronic back and leg condition limit Plaintiff abilities to walk, stand bend and or care for himself especially now that his pain has increased.

45) Because of Plaintiff chronic leg and back conditions, Plaintiff requires the aid of an assistive walking device in order to walk (crutches).

46) IDOC were the ones who had Plaintiff involuntarily removed from Western Illinois Correctional Center where he was assigned single man cell status, ADA shower with shower seat, ADA Van with wheelchair and chronic pain medication tromadol

47) IDOC was informed of Plaintiff serious medical condition and the deprivation Plaintiff has been experiencing at PNKCC by the defendants by letters from the plaintiff on March 21, 2024 and April 3, 2024 and the number of grievances that has been sent to them.

48) IDOC had personal knowledge of Plaintiff ADA & RA Violations along with the cruel and unusual punishment and substantial risk of serious harm.

49) IDOC could have at any time intervene when they were inform of the injustice Plaintiff was going through and still IDOC continued to allow PNKCC defendants to deny him of his ADA Rights.

50) As a result of Defendant IDOC intentional conduct and/or disregard for Plaintiff's medical condition and

to instruct Barwick & Dr. Myers to reinstate Plaintiff's ADA von with wheelchair, single man cell status, wheelchair for long distance, chronic pain medication, Tramedol and put Plaintiff on the ADA shower list.

51) IDOC has violated Plaintiff's ADA and RA Rights by denying Plaintiff of the benefits and services, program and activities subjecting Plaintiff to discrimination because of his disabilities.

## CONCLUSION

Plaintiff was a target the day he arrived at PNKCC. Subjecting him to cruel and unusual punishment and deliberate indifference to a serious medical condition.

When IDOC involuntarily removed Plaintiff from WICC all of his medical needs/permits should have followed him and honored by PNKCC administration and medical because Plaintiff did nothing wrong to be removed from WICC.

Plaintiff followed the IDOC guide lines and rules when it came to filing grievances and he should not be retaliated against according to IDOC rules "BUT" he was and as a result IDOC broke there own rules and retaliated against the Plaintiff by involuntarily transferring the Plaintiff to PNKCC to "PROTECT" one of there employees at WICC "Robert K. Zieger" security staff member so he could not continue to retaliate against the Plaintiff

What kind of justice is that!

Plaintiff has written to every department head at PNKCC and IDOC to try and "STOP" the continued violation and it seems like the more Plaintiff try

15 OF 17

the more PNKCC and IDOC defy him.

Wherefore Plaintiff Prays that this Honorable Court enter judgment in his favor against the defendants:

<u>Request For Relief:</u>

A) Reinstate The ADA van with wheelchair;
B) Plaintiff is allowed to use wheelchair inside grounds;
C) Reinstate Single man cell status;
D) Reinstate double mattress;
E) Issue medical permit for ADA shower and/or add Plaintiff name to the immobility ADA shower list;
F) Reinstate Chronic Pain medication Tramadol;
G) Schedule Plaintiff to see a nurolosurgeon so he can get his back surgery (Artificial Disc);
H) Remove Dr. Percy Myers from Plaintiff primary care taker and assign the physician assistant Ms. Ashenti Desar as his primary care taker;
I) An award of Compensatory damages in the amount proven at trial;
J) Punitive damage for reckless disregard for health, well-being and violating the ADA & RA reasonable accommodations for the ADA shower as well;
K) Order Defendants to pay for the filing fees and any court cost;
L) All further relief that this court my deem just and proper.

Respectfully Submitted

Barry Morris Plaintiff

16 OF 17

## V. REQUEST FOR RELIEF

State exactly what you want this court to do for you. If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255. Copies of these forms are available from the clerk's office.

See on page # 16

## VI. JURY DEMAND (check one box below)

The plaintiff ☐ does ☑ does not request a trial by jury.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: August 5, 2024 (date)

Signature of Plaintiff

5835 State Route 154
Street Address

Larry Morris
Printed Name

Pinckneyville Illinois 62274-3410
City, State, Zip

IDOC No. N-42509
Prisoner Register Number

Signature of Attorney (if any)

Rev. 10/3/19

17 OF 17

IN THE
United States District Court
For The Southern District OF Illinois
East St. Louis Division

Scanned at Pinckneyville CC and e-mailed  8/5/24  by CB  1 pages

Barry Morris Pro se
Plaintiff

Vs.                                           Case No. 24-cv-01649-SMY

John Barwick et al.,
Defendants

## Notice OF Filing

Please take notice on the 5th day of August 2024 the Law Library Supervisor at Pinckneyville Correctional Center e-filed the attached document to the Clerk OF The United States Southern District Court Plaintiff Complaint on a form sheet per order by the court.

Number OF pages (17)

Respectfully Submitted

Barry Morris (Plaintiff)
IDOC No N-42509
Pinckneyville C.C.
5835 State Route 154
Pinckneyville Illinois
62274-2410

Dated: 8-5-24



Scanned at Pinckneyville CC and e-mailed

8/5/24 by CB  18 pages
Date    Initials    No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner_esl@ilsd.uscourts.gov

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

Name: Barry Morris

ID Number: N42509

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1. Is this a new civil rights complaint or habeas corpus petition?      Yes or (No)

   If this is a habeas case, please circle the related statute:   28 U.S.C. 2241 or 28 U.S.C. 2254

2. Is this an Amended Complaint or an Amended Habeas Petition?   (Yes) or No

   If yes, please list case number: 24-CV-01649-SMY

   If yes, but you do not know the case number mark here: ____

3. Should this document be filed in a pending case?   (Yes) or No

   If yes, please list case number: 24-CV-01649-SMY

   If yes, but you do not know the case number mark here: ____

4. Please list the total number of pages being transmitted:   18

5. If multiple documents, please identify each document and the number of pages for each document. For example: Motion to Proceed In Forma Pauperis, 6 pages; Complaint, 28 pages.

| Name of Document | Number of Pages |
|---|---|
| Redone Complaint onto 1983 Complaint Form - Had Been Previously Filed | 17 |
| Notice of Filing | 1 |

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record. Discovery materials sent to the Court will be returned unfiled.