IN THE
United States District Court
For The Southern District Of Illinois
East St. Louis Division

Scanned at Pinckneyville CC and e-mailed
8/5/24 by CB 10 pages
Date    Initials  No.

Barry Morris Prose )
Plaintiff )
)
vs. ) Case No. 24-1649-SMY
)
John Barwick et al., )
Defendants )

Motion For Temporary Restraining Order and/or Preliminary Injunction;

Now Comes the Plaintiff Barry Morris, prose and Respectfully move This Honorable Court to grant the TRO and/or Preliminary Injunction Pursuant to Fed. R. Of Civ. P. 65 States as follows;

Jurisdiction And Venue

1) This civil action under 42 U.S.C. § 1983 and the Eighth Amendment of the United States Constitution. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1311 and 1343(a).

2) Venue is proper pursuant to 28 U.S.C. 1391(b)(2) because the operative fact give rise to Plaintiff claim in the Southern District OF Illinois.

3) According to Rule once an emergency Injunction has been filed the grievance exhaustion has been temporary waived for the purpose of avoiding risk of imminent personal injury or serious harm.

The Parties

4) Defendant John Barwick was all times relevant to this action the Warden at Pinckneyville Correctional Center (PNKCC) and was acting under the color of Federal and State law. By statue the Warden is responsible for ensuring the safety and well-being of prisoners under his supervision. He sued in his individual and official capacity.

5) Defendant Dr. Percy Myers was all times relevant to this action was the Medical director at PNKCC. He is sued in

1 OF 10

his individual and official capacity.

6) Defendant Illinois Department of Corrections was at all times relevant is a government agency responsible for the administration of all Illinois State Prisons including PNKCC acted under the color of Federal and state law is sued in their official and individual capacity.

## COUNT I

Towards Dr. P. Myers, Violation of Plaintiff's Eighth Amendment for deliberate indifference to a serious medical need that could cause permanent and irreparable harm.

7) Plaintiff incorporate by reference paragraphs (1) through (6) as fully stated and re-alleged herein.

8) Plaintiff suffer from chronic lower back and left leg pain from spinal disc herniation and severe spinal stenosis.

9) Plaintiff also have an enlarge prostate and severe carpal tunnel in his right hand/wrist.

10) While Plaintiff was housed at WICC he was sent to the Orthopedic Surgeon for his spinal problems and he was prescribed pain medications tramadol and gabapentin along with single man cell status, double mattress, a wheelchair, ADA showers and ADA Van with wheelchair.

11) Plaintiff was involuntarily transferred to PNKCC on Feb. 15, 2024 because IDOC felt that since Plaintiff was a target of a correctional sergeant at WICC.

12) Dr. Myers discontinued Plaintiff's tramadol with conflicting reasons why and the tramadol has not been reinstated as of todate.

13) Plaintiff health has gotten worse and his chronic pain in his lower back and left leg has increased.

14) It has even caused his already high blood pressure to increase to a point where Plaintiff had to be put on additional high blood pressure medications.

2 of 10

15) Plaintiff blood pressure was not a factor in his life until he injured his back and once the right combination of chronic pain medication was found (Tramadol & Gabapentin) Plaintiff's high blood pressure leved out and his chronic back & leg pain was manageable.

16) Once Dr. Myers discontinued Plaintiff's tramadol his health declined. With increased pain and unnecessary suffering.

17) Plaintiff is waking up my frequently at night because when he turns over in his sleep on his left side stabbing pain is felt in his left hip due to his sciatic nerve.

18) Also due to that flat used mattress Plaintiff was issued when he arrived at PNKCC.

19) Plaintiff is now forced to walk a longer distance to chow Church, Law library, HCU, B of I and clothing room because Plaintiff was moved out of (1) house which is the closes to the HCU then (5) house is and now the Plaintiff is in (3) house which is the farthest away.

20) Plaintiff is in constant pain walking those distances and his lower back and left leg has this burning feeling.

21) Plaintiff need the wheelchair for inside grounds because his left leg is giving out on him more frequently and the likelihood of him falling and injuring himself is possible.

22) Dr. Myers has taken away Plaintiff's ADA van with wheelchair and he has changed his mind three different times on how Plaintiff should travel out side the prisons.

23) First Dr. Myers said that Plaintiff can use a walker, then he said that Plaintiff can use a wheelchair now he is saying that Plaintiff can not use a wheel chair.

24) Plaintiff has tried to explain to Dr. Myers how his condition has gotton worse after he discontinued his pain medication

25) Dr. Myers did not seem to care about Plaintiff's medical condition.

26) On April 23, 2024 Plaintiff went out on a medical writ in a regular van and when Plaintiff was getting in and out of the van the c/o had to help him because his leg kept giving out on him and on April 29, 2024 Plaintiff filed an emergency grievance and it was deemed as an emergency.

27) On June 12, 2024 Plaintiff went out on another medical writ in a regular van and when he returned back to the prison getting out of the regular van Plaintiff fail out of the van because his left leg gave out on him.

28) It did not make things any better getting out of the van trying to step on a man made step that this facility uses to help inmates step on to get in and out of the van which did not help the Plaintiff because the man made step sled from under me and that is when I fail on my back.

29) Plaintiff filed an emergency grievance about the incident on June 13, 2024 # K59-0624-2072 and requested that the video footage to be saved.

30) In that grievance it was deemed as an emergency by defendant Borwick and the respondent Dr. Myers or PNKCC administration did not even address the fact that the Plaintiff fail out of the van injuring himself.

31) There was a small note in that grievance response that said I.A. notified of request for camera footage.

32) Plaintiff could have been injuried much worse because if he had of fallen on a certain spot on his back who know the irreparable damage that could have happened.

33) Plaintiff is scheduled to go out on several more medical writs and a court writ back to Chicago is a strong possibility

34) Plaintiff will suffer permanent and/or irreparable

4 OF 10

injury if he has to be transported by regular van/vehicle on any Writs.

35) DR. Myers would not honor Plaintiff medical permits single man cell status.

36) For the past (5) years Plaintiff has been living by himself due to his very serious spinal injury, mental health problems and the two crutches that Plaintiff has.

36) Plaintiff was told by mental health professional MS. Sydelle during intake interview at PNKCC that he will continued to be single man cell status.

37) On May 8, 2024 placement moved another inmate into the cell Plaintiff was assigned to 1-C-15 and that day Plaintiff went on crisis watch.

38) Once released from crisis watch placement moved Plaintiff into a cell with another inmate and it was not long when conflict and arguments took place.

39) Plaintiff feared for his safety because Plaintiff could suffer permanent damage to his back and become paralyzed.

40) That inmate was removed from the cell we shored together by Lt. Hiller and placement and assigned him to another cell.

41) (10) TEN days later placement put that same inmate back in to the same cell with the Plaintiff.

42) Plaintiff had to go to restrictive housing in (5) house for his safety and well being.

43) Once Plaintiff was placed in Restrictive housing (5) house placement put the plaintiff on a non-ADA wing with no ADA shower and placement put another inmate in the cell with me and here I go again Déjà vu all over again.

44) Plaintiff is running across the same problems with another individual that placement moved in with him.

5 OF 10

45) It has gotten to the point with this new cellie that he has started threatening the Plaintiff several times telling me what he will do to me while I sleep.

46) He continued by saying how he will take Plaintiff crutches and beat me down with them.

47) I took the issue to the gallery officer, house sergeant and then to Lt. Ronson in (5) house on the first shift.

48) Plaintiff even told the 2nd & 3rd shift staff and they did nothing to help the Plaintiff.

49) Plaintiff only had one option left and that was to walk himself to segregation.

50) Plaintiff even talked to PNKCC Chaplain on Monday July 22, 2024 about the threatening situation with that inmate placement put in the cell with the plaintiff.

51) Chaplain hands were tied, there was nothing he could do for the Plaintiff.

52) Plaintiff had (3) more days before he will be released and the chaplain prayed for me to make it through my situation.

53) Plaintiff can not sleep for a long period of time due to his enlarge prostate and the worsen chronic pain in his lower back and left leg and his mental health problems.

54) Plaintiff is up every morning around 2 or 3 am and even before then some times earlier and he try to walk on egg shells but that did not work because no matter how much Plaintiff try to be quiet there is alway a problem.

55) Plaintiff will suffer permanent and irreparable injury if a TRO is not granted for his single man cell status, ADA van with wheelchair, tramadol, and issue wheelchair for in side grounds.

## COUNT II

Towards Defendant Warden John Barwick, Defendant showed deliberate Indifference to Plaintiff's serious medical needs, safety and Well-being for not intervening in Plaintiff serious matters, ADA Van With Wheelchair, Single man-cell status, Wheelchair for in side grounds has subjected him to ~~cruel~~ cruel and unusual punishment which could result in permanent and irreparable injury or damage which is a violation of the Eighth Amendment.

56) Plaintiff incorporate by reference paragraphs 6) through (55) as fully stated and Re-Alleged herein.

57) Plaintiff sent Warden Barwick letters on April 15, 2024 and June 5, 2024 explaining his medical situations and informing Barwick of the serious nature of things, Single man cell status, ADA Van with Wheelchair, Wheelchair for in-side grounds & tromadol).

58) Plaintiff had wrote several grievances as emergency so they will go directly to Warden Barwick first so he can see/read them and realize how serious the Plaintiff matters are.

59) Warden Barwick deemed most of those grievances Plaintiff sent to his office as an emergency but when they were answered by the respondent with conflicting and misleading statements Warden Barwick just rubber stamped them.

60) Defendant Barwick ignored and failed to adequately address Plaintiff's needs despite knowledge of serious suffering and irreparable injury, loss or damage that will result.

61) Plaintiff has been scheduled to go out on a medical writ for a injection in his back and if a ADA Van with Wheel-chair is not reinstated by that time Plaintiff could

7 OF 10

suffer irreparable injuries and or permanent damage.

62) Plaintiff could suffer permanent damage if one of the inmates placement put in the cell with the Plaintiff and take one of his crutches and beat him with it because his sleep was disturbed.

63) Plaintiff is now in one of the farthest housing units in this facility (3) house and walking to the chew hall 3 x a day HCU, law library, clothing room, B OF I and commissary has also caused Plaintiff lower back & left leg to have this burning sensation worser then ever before expecially now the his tramadol has been discontinued.

64) Warden had personal knowledge that plaintiff that Plaintiff requested a wheelchair for inside grounds and ignored it and failed to adequately address Plaintiff's needs.

65) When the Plaintiff filed on emergency grievance and Warden Barwick deemed it as an emergency it go's to the respondent for there answer and most of the time they will make some misleading statements and avoiding to answer part of the grievance altogether.

66) Then the grievance officer agree with the respondents "NO MATTER What" without and independent investigation and Warden Barwick just rubber stamp it.

67) Let the Plaintiff give an example of what he is talking about.

68) Lets take the grievance dated June 13 2024 # K59-0624-2072 in that grievance Plaintiff failed out of the regular van injuring himself but the respondent did not address that part of the grievance and the grievance officer agreed with the respondent and Warden Barwick just rubber stomped its business a usual.

69) Plaintiff is facing very serious injuries that could have permanent and irreparable harm to him if a

8 OF 10

TRO and/or preliminary injunction is not granted in this case.

70) As Plaintiff just gave an example on how things work at PNKCC Plaintiff will not receive any true justice or remedies unless the Court step in.

## COUNT III

Towards Illinois Department of Corrections. IDOC is in violation of Plaintiff Eighth Amendment subjecting him to cruel and unusual punishment by disregarding Plaintiffs serious medical needs, ADA Van with wheelchair and single man cell status, which could result in Plaintiff suffering permanent and irreparable injury.

71) Plaintiff incorporate by reference paragraphs (1) through (70) as fully stated and re-alleged herein.

72) Plaintiff has reached out to IDOC several times concerning the importance of Plaintiff suffering irreparable injury, loss or damage due to his single man cell status and his ADA Van with Wheelchair being discontinued by Dr. Myers and signed off by the Warden at PNKCC Borwick.

73) IDOC is responsible for having Plaintiff involuntarily transferred to PNKCC from WICC to stop the continued retaliation toward the Plaintiff from a WICC security staff Robert K. Zieger.

74) IDOC had personal knowledge that the cruel and unusual punishment Plaintiff is dealing with at PNKCC by denying his his single man cell status and ADA Van with Wheelchair

75) IDOC intentionally denied, refused and/or ignored Plaintiff request for them to intervene in the matter of the ADA Van a single man cell even after Plaintiff that irreparable harm could occure against him.

76) IDOC Repeated failures in regards amount to deliberate

9 OF 10

indifference to Plaintiff and immediate response before he is injured by another inmate in the cell with him.

77) IDOC should have had PNKCC honor Plaintiff medical permits and ADA Van With Wheelchair so Plaintiff would not have to be threaten by other inmates and face harm.

Wherefore Plaintiff prays that this Honorable Court GRANT This TRO/AND or PRELIMINARY INJUNCTION before any harm come to the Plaintiff.

Request For Relief:
A) Reinstate ADA Van With Wheelchair;
B) Honor Medical Permit Single Man cell status;
C) Reinstate Tromado or in the alternative issue Wheelchair for in-side grounds;
D) Award Compensatory & Punitive damage proven;
E) Order Defendants to pay for any Court filing fees and attorney fees;
G) All further relief this Court deem just and proper.

I declare under Penalty Of Perjury
/s/ _____
Dated: 8-5-24

Respectfully Submitted
BARRY MORRIS (Plaintiff)
IDOC No. N-42509
Pinckneyville C.C.
5835 State Route 154
Pinckneyville Illinois
62274-3416

10 OF 10

IN THE
United States District Court
For The Southern District Of Illinois
East St. Louis Division

Barry Morris Pro se )
   Plaintiff )
  )
VS. )
  )   Case No.
John Barwick, Illinois )
Department of Corrections )
and Dr. Percy Myers )
   Defendants )

Scanned at Pinckneyville CC and e-mailed
8/5/24 by CB 1 pages
Date / Initials / No.

## Notice Of Filing

Please take notice on the 5th day of August 2024 the Law Library Supervisor at Pinckneyville Correctional Center e-filed the Motion For Temporary Restraining Order and/or Preliminary Injunction, Motion and Affidavit To Proceed in ~~District~~ District Court Without prepaying fees or costs and with a 6 months Trust fund read out sheet along with a Motion for Recruitment of Counsel With legal mail Receipts showing that I tried to retain Counsel and only one responded to the Clerk Of The United States Southern District Court. Also Plaintiff is not for sure if Case Number (24-CV-01646-SMY) Should be on this case so I left it blank for now and let the clerk put the correct case number in.

Number of Papers (24)

Respectfully Submitted
Barry Morris (Plaintiff)
IDOC No. N-42509
Pinckneyville C.C.
5835 State Route 154
Pinckneyville Illinois 62274-3410

Dated: 8-5-24



Scanned at Pinckneyville CC and e-mailed

8/5/24 by CB   25 pages
Date   Initials   No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner_esl@ilsd.uscourts.gov

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

Name: Barry Morris

ID Number: N42509

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1. Is this a new civil rights complaint or habeas corpus petition?   Yes or **No**

   If this is a habeas case, please circle the related statute: 28 U.S.C. 2241 or 28 U.S.C. 2254

2. Is this an Amended Complaint or an Amended Habeas Petition?   Yes or **No**

   If yes, please list case number: _____

   If yes, but you do not know the case number mark here: _____

3. Should this document be filed in a pending case?   **Yes** or No

   If yes, please list case number: _____

   If yes, but you do not know the case number mark here:   X

4. Please list the total number of pages being transmitted:   25

5. If multiple documents, please identify each document and the number of pages for each document. For example: Motion to Proceed In Forma Pauperis, 6 pages; Complaint, 28 pages.

| Name of Document | Number of Pages |
|---|---|
| Notice of Filing | 1 |
| Motion for Temporary Restraining Order and/or Preliminary Injunction | 10 |
| Motion and Affidavit to Proceed in District Court w/o Prepaying Fees or Costs | 8 |
| Motion for Recruitment of Counsel | 6 |

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record. Discovery materials sent to the Court will be returned unfiled.