IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BARRY MORRIS, #N42509, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 24-cv-01649-SMY |
| JOHN BARWICK, ET AL., ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
ON THE ISSUE OF EXHAUSTION OF ADMINISTRATIVE REMEDIES**

NOW COMES the Defendant, JOHN BARWICK, by and through his attorney, Kwame Raoul, Attorney General of the State of Illinois, and moves for Summary Judgment on the Issue of Exhaustion of Administrative Remedies, stating as follows:

**INTRODUCTION**

Plaintiff was an inmate incarcerated within the Illinois Department of Corrections ("IDOC") at the time that he filed his Complaint in this case on August 5, 2024. [Doc. 11]. In the Court's August 12, 2024 Merit Review Order, the Court held that Plaintiff stated an Eighth Amendment claim against Dr. Myers and Warden Barwick for cancelling Plaintiff's longstanding pain medication, wheelchair, ADA van with wheelchair, ADA showers, double mattress, and single-man cell status at Pinckneyville and an ADA and/or Rehab Act claims against IDOC for failing to accommodate Plaintiff's disabilities by denying him an ADA van with wheelchair, wheelchair, ADA showers, double mattress, and single-man cell status at Pinckneyville. [Doc. 17, p. 4].

Regarding Defendant Warden Barwick, in the Complaint, Plaintiff alleges Warden Barwick "rubber stamped" all his grievances, causing him to experience "execration [of the] pain of his back and leg injuries." Complaint, ¶38-39. Plaintiff cites "a number of emergency

grievances" that Warden Barwick deemed an emergency. *Id.*, ¶32. Plaintiff claims Warden Barwick "could have overruled [their] misleading statements" but did not do so. *Id.*, ¶33. Plaintiff mentions a grievance related to an April 29, 2024 incident and another related to a June 12, 2024 incident, being grievance number K59-0624-2072 *Id.*, ¶35-63.

Defendant now moves for Summary Judgment on the Issue of Exhaustion of Administrative Remedies because Plaintiff failed to exhaust all administrative remedies prior to filing suit. Specifically, Plaintiff's relevant grievance regarding inadequate treatment of his appendicitis defectively vague because it failed to mention Defendant Warden Barwick by name or description, and therefore and did not allow the Department of Corrections an opportunity to take corrective action.

Because the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing suit, and Plaintiff failed to properly exhaust administrative remedies.

## UNDISPUTED MATERIAL FACTS[1]

1. At all relevant times, Plaintiff was an inmate within the IDOC. [Doc. 11].
2. Plaintiff filed his Complaint in this case on August 5, 2024, pursuant to 42 U.S.C. § 1983. [Doc. 1, Doc. 17].
3. In the Court's August 12, 2024, Merit Review Order, the Court held that Plaintiff stated an Eighth Amendment claim against Dr. Myers and Warden Barwick for cancelling Plaintiff's longstanding pain medication, wheelchair, ADA van with wheelchair, ADA showers, double mattress, and single-man cell status at Pinckneyville and an ADA and/or Rehab Act claims against IDOC for failing to accommodate Plaintiff's disabilities by denying him an ADA van with wheelchair, wheelchair, ADA showers, double mattress,

---

[1] These facts are undisputed solely for the purpose of this Motion.

and single-man cell status at Pinckneyville. [Doc. 17, p. 4].

4. In the Complaint, Plaintiff alleges Warden Barwick "rubber stamped" all of his grievances, causing him to experience "execration [of the] pain of his back and leg injuries." Complaint, ¶38-39. Plaintiff cites "a number of emergency grievances" that Warden Barwick deemed an emergency. *Id.*, ¶32. Plaintiff claims Warden Barwick "could have overruled [their] misleading statements" but did not do so. *Id.*, ¶33. Plaintiff mentions a grievance related to an April 29, 2024 incident and another related to a June 12, 2024 incident, being grievance number K59-0624-2072 *Id.*, ¶35-63.

5. Plaintiff submitted grievances relating to the claims in the Complaint dating from March 7, 2024 to June 13, 2024. [*See* Ex. A, Bates 000408-000480].

6. None of Plaintiff's grievances relating to his Complaint mention Defendant Warden Barwick by name or description or as his role as warden. *Id*.

7. None of Plaintiff's grievances related to his Complaint mention the alleged action or inaction Plaintiff's Complaint contains regarding Warden Barwick. *Id.*

8. The grievance procedure was available to Plaintiff. [Ex. A].

9. Plaintiff's records demonstrate he was able to submit grievances through all required levels of review towards administrative exhaustion. [*See* E*x*. A.].

10. Plaintiff was aware of the grievance process, as he has sent nine (9) grievances to the ARB since March 7, 2024 [Ex. A, Bates 000408].

11. Plaintiff has grieved other various issues to exhaustion level at the ARB. [*See* Ex. A].

**STANDARD FOR EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), prisoners must first exhaust all available administrative remedies before they may commence a lawsuit under 42 U.S.C. § 1983.  Specifically, 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

"[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed." *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).  The exhaustion requirement is mandatory and "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 524, 532, 122 S. Ct. 983, 988, 992 (2002).  Administrative remedies must be exhausted even when administrative proceedings are not "plain, speedy, and effective," and even if the relief the prisoner seeks is not available through those proceedings.  *Id.*, 534 U.S. at 524, 122 S. Ct. at 988 (quoting *Booth v. Churner*, 532 U.S. 731, 739, 121 S. Ct. 1819, 1821 (2001)).

In order to properly exhaust administrative remedies, prisoners must "complete the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 88, 126 S. Ct. 2378, 2384 (2006).  Those procedural rules are determined by the state in which the prisoner is held.  *Riccardo v. Rausch*, 375 F.3d 521, 523-24 (7th Cir. 2004).  Therefore, in order to satisfy the PLRA's exhaustion requirement, prisoners must comply with the prison grievance procedures provided by the relevant state.  *Jones v. Bock*, 549 U.S. 199, 218, 127 S. Ct. 910, 922-23 (2007).

According to the grievance procedures in Illinois, prisoners in the custody of the IDOC must file a grievance regarding an issue at the institutional level within 60 days of the incident.

20 Ill. Admin. Code § 504.810(a). The grievance must "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 Ill. Admin. Code § 504.810(c). If the name of an individual against whom the grievance is filed is unknown, the prisoner "must include as much descriptive information about the individual as possible." *Id.* The Grievance Officer must consider the grievance and report his or her findings to the Chief Administrative Officer (CAO), who will then advise the prisoner of the decision. 20 Ill. Admin. Code § 504.830(e). If the prisoner is unsatisfied with the resolution of the grievance, he or she may appeal in writing to the IDOC Director within 30 days of the decision. 20 Ill. Admin. Code § 504.850(a). The Administrative Review Board submits all final written reports of findings and recommendations to the Director, who will make a final determination of the grievance and will send a copy of that decision to the prisoner. 20 Ill. Admin. Code § 504.850(e)-(f).

Unless and until a final decision is issued by the ARB and reviewed by the Director, a prisoner has not completely exhausted all administrative remedies. In fact, "a prisoner who does not properly take *each* step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis added).

**ARGUMENT**

**A.     Plaintiff was required to exhaust his available administrative remedies.**

Plaintiff was an inmate with IDOC at the time he filed the instant suit. [UMF 1; Doc. 11]. Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983[UMF 2-3; Doc. 11,17]. Plaintiff was a "prisoner," as defined by the PLRA, at all times relevant to the instant suit. *See* 42 U.S.C. § 1997e(h) (definition of "prisoner"). Therefore, the PLRA applies to Plaintiff, and he was required

to exhaust his available administrative remedies—with respect to his specific claims against each Defendant—before filing the instant suit.

**B.     The grievance process was available to Plaintiff.**

In order to properly exhaust administrative remedies through the grievance process, Plaintiff must have a grievance process that is available to him. § 1997e(a). *See also Ross v. Blake*, 136 S.Ct. 1850, 1858 (2016) (holding that prisoners "need not exhaust remedies if they are not 'available'").

The evidence indicates that the grievance process was available to Plaintiff. [UMF 8]. Plaintiff's records demonstrate he was able to submit grievances through all required levels of review towards administrative exhaustion. [UMF 9; *See* E*x*. A,]. Plaintiff was aware of the grievance process, as he has sent nine (9) grievances to the ARB since March 7, 2024 [UMF 10; Ex. A, Bates 000408]. Plaintiff has grieved other various issues to exhaustion level at the ARB. [UMF 11; *See* Ex. A]. Plaintiff submitted grievances relating to the claims in the Complaint dating from March 7, 2024 to June 13, 2024. [UMF 5, *see also* Ex. A, Bates 000408-000480].

**C.     Plaintiff failed to exhaust his administrative remedies regarding his Eighth Amendment claim**

Plaintiff's grievances received by the ARB since February 2, 2024, are all attached to this motion and included within Exhibt A. [*See* Ex. A, Bates 000409-000492, *see also* Exhibit B, Declaration of Jon Loftus]. None Plaintiff's grievances allege Warden Barwick "rubber stamped" all of his grievances, causing him to experience "execration [of the] pain of his back and leg injuries" as alleged in the Compliant. [UMF 4; *See* Exhibit A, Complaint, ¶38-39, *see also* Exhibit B, ¶13]. None of them grieve any conduct or lack of action by Warden Barwick. [UMF 7; *See* Ex. A, *see also* Exhibit B, ¶12]. None of Plaintiff's grievances relating to his Complaint were about Defendant Warden Barwick and do not mention him by name or description. [UMF 6; *See* Ex. A,

*see also* Exhibit B, ¶14]. Plaintiff's grievances do not mention Warden Barwick or his role as the Warden relating to the allegations in the Complaint against Warden Barwick. [*Id.*] Therefore, Plaintiff never submitted a grievance that "contain[ed] factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint," as required by 20 Ill. Admin. Code § 504.810(c).

Even if Plaintiff takes the position that he identified Defendant Warden Barwick in his official role as the warden in his grievance, that position fails. Such a vague grievance cannot be said to satisfy the PLRA's exhaustion requirement. The United States Supreme Court explained:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, **Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.** In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation.

*Porter v. Nussle*, 534 U.S. 516, 524-25 (2002), citing *Booth*, 532 U.S. at 737, emphasis added.

The United States Supreme Court has also found, "the level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). The requirements of the level of detail in a grievance to put the prison and individual officers on notice of the claim vary and are determined by the circuit. [*Id.*, at 205]. The Seventh Circuit Court of Appeals has explained:

> Other than the requirement that it occur, which comes from § 1997e(a), exhaustion of remedies is governed by state law." *Tackett v. Jess*, 853 F. App'x 11, 13 (7th Cir. 2021), citing *Jones v. Bock*, 549 U.S. 199, 218, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *Riccardo v. Rausch*, 375 F.3d 521, 523 (7th Cir. 2004) ("Prisoners must follow state rules about the time and content of grievances.").

*Tackett v. Jess*, 853 F. App'x 11, 13 (7th Cir. 2021).

In Illinois, the level of detail required in a grievance is mandated by 20 Ill. Admin. Code § 504.810(c). The Seventh Circuit's requirement for the level of detail is based on the Illinois Administrative Code, and requires, "that a prisoner's grievances must "contain factual details regarding each aspect of the offenders' complaint, including what happened, when, where, and the name of each person who is the subject of . . . the complaint." Ill. Admin. Code tit. 20, § 504.810(b). This information is necessary to provide prison officials a fair opportunity to address the complaint." *Ward v. Hoffman*, 670 F. App'x 408, 410 (7th Cir. 2016), citing *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

Because Plaintiff failed to identify Defendant Warden Barwick by name or description, his grievances were defectively vague to the point that Plaintiff failed to exhaust all available administrative remedies. The United States Seventh Circuit Court of Appeals explains that the Illinois Administrative Code, "[. . .] requires inmates to explain 'the name of each person who is . . . involved in the complaint' or if the names are not known, 'as much descriptive information' as possible. § 504.810(c); *see Roberts v. Neal*, 745 F.3d 232, 235-36 (7th Cir. 2014) (failing to identify the target of a grievance is fatal under Illinois law); *Fencel v. Cross*, 857 F. App'x 869, 871 (7th Cir. 2021). In *Roberts v. Neal*, Plaintiff's grievance was fatally defective because it failed to indicate that the nurse included in the lawsuit was a target in the grievance, even though at least one other target was named. *Roberts v. Neal*, 745 F.3d 232, 235 (7th Cir. 2014). Because Plaintiff failed to grieve the actions of the nurse, he failed to exhaust his administrative remedies against her and could not sue her. *Id*., at 236. The same is true of Defendant Brown in this case.

In *Cunningham v. Isaacs*, in the United States District Court for the Southern District of Illinois, Plaintiff's grievance did not contain, "any reference to [the Health Care Unit Administrator] by name, title, description, or any other identifiers. Nor [did] the grievance describe

any conduct that can be imputed to Defendant [Health Care Unit Administrator]." *Cunningham v. Isaacs*, No. 3:21-CV-247-MAB1, 2022 U.S. Dist. LEXIS 136477, at 8 (S.D. Ill. Aug. 1, 2022). The Court relied upon *Roberts* to explain that Plaintiff failed to exhaust administrative remedies against the Health Care Unit Administrator in that case because, "[a] claim that medical staff was providing inadequate treatment is distinct and unique from a claim that administrators were ignoring Plaintiff's complaints about the treatment he received or failing to ensure that he received adequate treatment." *Id.,* at 9. The same is true of Defendant Barwick in this case. In *Cunningham*, the Health Care Unit Administrator had been contacted in order to respond to the grievance, much like Defendant Warden Barwick was required to do so here as part of his administrative duties. 2022 U.S. Dist. LEXIS, at *5. As in Cunningham, nothing in Plaintiff's grievance suggests he is complaining about an administrator improperly handling his grievances or ignoring inadequate medical care. Plaintiff's grievances were about the nature of the medical care and accommodations he was receiving and were directed at Dr. Meyers and the ADA Coordinator. [Ex. A]. Defendant Warden Barwick is an administrator, not a healthcare provider.

Plaintiff's failure to name Defendant Warden Barwick in the grievance process did not alert prison officials to any possible issues with Defendant Barwick or provide them the opportunity to take any corrective action regarding Defendant Barwick. For his grievance to be sufficient, it would have had to list factual details regarding each aspect of his grievance and facts regarding each individual and their conduct or inaction. It did not. Therefore, his grievance was defective, and Plaintiff failed to exhaust all administrative remedies available to him as to Defendant Barwick.

Plaintiff's grievance failed to mention factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is

the subject of or who is otherwise involved in the complaint. Plaintiff's grievances were not sufficient to properly grieve the allegations in his Complaint as to Defendant Barwick, and did not identify the actions or inactions of Defendant Barwick with particularity. Therefore, the claims must be dismissed as to Defendant Barwick.

## CONCLUSION

Plaintiff's grievances were substantially defective because they did not grieve any specific action or inaction related to deliberate indifference to Plaintiff's serious medical needs as to Defendant Warden Barwick. It was defective and failed to satisfy the level of detail required in Illinois under the Administrative Code, and it therefore fails to satisfy the requirement that he exhausted all available administrative remedies under the rules of the Seventh Circuit. Therefore, Plaintiff's Eighth Amendment claim should be dismissed because Plaintiff failed to exhaust all available administrative remedies.

WHEREFORE, for the above and foregoing reasons, Defendant respectfully requests this honorable Court grant summary judgment in his favor and dismiss the complaint against him.

Respectfully submitted,

JOHN BARWICK,

Defendant,

Charles Ewell #6320582  
Assistant Attorney General   KWAME RAOUL, Attorney General,  
500 South Second Street  
Springfield, IL 62701  
(773) 590-7875 Phone        Attorney for Defendant,  
(217) 782-8767 Fax  
Email: Charles.Ewell@ilag.gov   BY:   s/Charles Ewell  
& gls@ilag.gov           Charles Ewell #6320582  
                Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BARRY MORRIS, #N42509, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   No. 24-cv-01649-SMY |
| | ) |
| JOHN BARWICK, et al., | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 2, 2025, the foregoing document, ***Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies***, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby that on the same date, I caused a copy of the foregoing document to be mailed by United States Postal Service, to the following non-registered participant:

Barry Morris, #N42509<br>
Pinckneyville Correctional Center<br>
Individual in Custody LEGAL Mail/Parcels<br>
5835 State Route 154<br>
PO Box 999<br>
Pinckneyville, IL 62274

    Respectfully submitted,

BY: s/Charles Ewell
Charles Ewell #6320582
Assistant Attorney General
500 South Second Street
Springfield, IL 62701
(773) 590-7875 Phone
(217) 782-8767 Fax
Email: Charles.Ewell@ilag.gov
& gls@ilag.gov