.IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BARRY MORRIS, #N42509,

Plaintiff,

v.

JOHN BARWICK, IDOC, DR. PERCY MYERS, and WEXFORD HEALTH SOURCES, INC.

Defendants.

Case No. 24-cv-1649-RJD

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on a Motion to Enforce Settlement filed by Wexford Health Sources, Inc. ("Wexford"). Plaintiff, currently incarcerated within the Illinois Department of Corrections ("IDOC") at Pinckneyville Correctional Center ("Pinckneyville"), filed this lawsuit pro se and in forma pauperis. Doc. 17. He alleged that Defendants violated his rights under the Eighth Amendment of the U.S. Constitution, the Americans with Disabilities Act, and the Rehabilitation Act. *Id*. Following resolution of whether Plaintiff exhausted his administrative remedies, this case proceeded on one Eighth Amendment claim against Dr. Myers and an ADA/RA claim against Warden Barwick and the IDOC. Doc. 83. The Court recruited an attorney to represent Plaintiff and the parties began the discovery process. Docs. 84, 86.

On May 12, 2026, the parties filed a "Joint Notice of Settlement", asking the Court to allow them 90 days to finalize settlement documents. Doc. 93. The parties then filed a stipulation (signed by counsel for all parties) to dismiss Plaintiff's claim against Dr. Myers and substitute

Wexford (Dr. Myers' employer) as a Defendant. Doc. 95. The Federal Rules of Civil Procedure do not provide for such a substitution, but the Court considered the parties' request pursuant to its inherent authority to resolve disputes in a "just, speedy, and inexpensive manner." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016). The Court ordered the Clerk of Court to add Wexford as a party and gave Wexford a deadline for counsel to appear on its behalf and inform the Court whether Wexford had any objection to its substitution for Dr. Myers. Doc. 96. Within two days, counsel appeared on behalf of Wexford and stated Wexford had no objection to its substitution for Dr. Myers. Doc. 99. However, Plaintiff filed a pro se objection to the dismissal of Dr. Myers. Doc. 100. The Court struck the objection because Plaintiff is represented by an attorney and had previously been instructed that he could no longer file pleadings on his own behalf. Doc. 101. Approximately one month later, the Court held a status conference and learned that the settlement process had stalled related to Plaintiff's objection to the dismissal of Dr. Myers. Doc. 106.

Counsel for Dr. Myers and Wexford then filed the instant Motion to Enforce Settlement, which states as follows:

> One of the material terms of the settlement agreement (as set forth in the initial confidential communication about a settlement offer from defense counsel to Plaintiff's counsel) was an immediate dismissal of Defendant Dr. Myers individually and a substitution of parties such that the settlement document would reflect that the settlement was with Wexford Health Sources, Inc., not the individual defendant.

Doc. 105. Plaintiff did not file a Response to the Motion. The deadline to file a Response was August 14, 2026. S.D. Ill. L. R. 7.1(b)(2)(A).

This Court has jurisdiction to enforce settlement agreements between the parties in pending cases. *See Pohl v. United Airlines, Inc.* (7th Cir. 2000). State law governs enforcement of a settlement agreement regarding federal claims. *Estate of Sims ex rel. Sims v. Cnty. of Bureau*,

506 F.3d 509, 514 (7th Cir. 2007) (internal citations omitted). To determine which state's law applies, this Court must use federal choice of law principles because subject matter jurisdiction is based on the federal claims in Plaintiffs' Complaint. *Berger v. AXA Network LLC*, 459 F.3d 804, 810-11 (7th Cir. 2006). Regardless of the choice of law analysis, the Court is unaware of any state's law other than Illinois that could be used to interpret the parties' settlement agreement: this Court sits in Illinois, Plaintiff is incarcerated in Illinois, and his encounters with Defendants occurred in Illinois. *See id*. at 811-12; RESTATEMENT (SECOND) OF CONFLICT OF L. §188 (1971). The Court will therefore refer to Illinois law.

A settlement agreement is enforceable if the material terms are "definite and certain." *Leavell v. Dept. of Nat. Res*., 397 Ill. App.3d 937, 948 (Ill. App. Ct. 2010). Wexford contends that Plaintiff reached a settlement agreement with Defendants and that the dismissal of Dr. Myers and substitution of Wexford were material terms of that settlement agreement. Doc. 105. Plaintiff provides no information or argument for the Court to find otherwise. The Local Rules for this District allow the Court to find that Plaintiff's failure to file a timely response to the Motion to Enforce constitutes "consent to the relief as requested." S.D. Ill. L.R. 7.1(a)(5). Wexford requests that "this Court dismiss Dr. Myers with prejudice" and "order the plaintiff to execute the tendered settlement release." Wexford's motion (Doc. 105) is GRANTED and Dr. Myers is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment accordingly at the close of the case.

Prior to Wexford filing the Motion to Enforce Settlement, Plaintiff's counsel filed a Motion to Extend the deadline for dismissal to give his client time to execute the settlement agreement (Doc. 103) and that Motion is GRANTED. Plaintiff shall execute the tendered settlement release on or before September 11, 2026. The Court will enter judgment on September 15, 2026 unless

a party motions the Court in writing otherwise (and does so before September 15, 2026).

**DATED: August 28, 2026**

**Hon. Reona J. Daly**
**United States Magistrate Judge**